After a jury trial on a complaint charging assault and battery by means of a dangerous weapon, the defendant was convicted of the lesser-included offense of assault and battery. On appeal, he claims the judge erred by declining his request for a jury instruction on an injury prone victim, and that the judge erred in her jury instructions on defense of another. We affirm.
1. Injury-prone victim. The defendant claims that by declining to give the "injury-prone victim" instruction[1] "the judge removed from the juror's consideration that the victim was susceptible to injury and thus an acceptable alternative to the cause of the alleged victim's injuries was erroneously withheld." We disagree.
To be entitled to the instruction, there must have been evidence that the defendant's father, who the defendant endeavored to protect, had exhausted all proper means to avoid physical combat before the defendant intervened on his behalf. See Commonwealth v. Barbosa, 463 Mass. 116, 135-136 (2012). However, as the judge properly found, even in the light most favorable to the defendant, that evidence did not exist. The defendant's father testified at trial that after the victim left the father's home, the father "followed" the victim to the bottom of the driveway. At the bottom of the driveway, the victim threatened to kill the defendant's father and attempted to put his hands around the father's throat. In response, the defendant's father pushed the victim away, and the victim "stumble[d] backwards," "was unsteady on his feet," "was losing his balance," and his arms were "flaying." At this point, a "large group ... converged" on them and the defendant's father "lost sight of [the victim]." It was only at this time, by the defendant's father's own testimony, that the defendant "came flying past" and "appeared to try to engage [the victim]" and the defendant's father heard the victim hit the ground. Because the defendant struck the stumbling victim at a point where his father had lost sight of the victim in the crowd, the father possessed ample and proper means to avoid physical combat before the defendant intervened on his behalf. See Commonwealth v. Lopez, 474 Mass. 690, 697 (2016) ; Commonwealth v. Benoit, 452 Mass. 212, 227 (2008). The judge did not err in declining the instruction.
2. Defense of another instruction. The defendant claims the judge erred in her instruction on defense of another because she told the jury that the defendant had a duty to retreat before he intervened on behalf of his father. We discern no prejudicial error.[2]
We begin by noting that the defendant requested the instruction that he now criticizes. In any event, the defendant's argument isolates a portion of the instruction and reads it out of context from the whole instruction, which we must not do. See Commonwealth v. Arias, 84 Mass. App. Ct. 454, 465 (2013). See also Commonwealth v. Young, 461 Mass. 198, 207 (2012) ("We do not consider bits and pieces of the instructions in isolation").
Here, the judge properly explained the components of defense of another. As the burden of proof never shifts to the defendant, the judge explained that the Commonwealth must prove beyond a reasonable doubt that either (1) "a reasonable person in the defendant's position would not have believed that his use of force was necessary in order to protect [his father]"; or (2) that "a reasonable person in the defendant's position would not have believed that [his father] was justified in using such force in his own self-defense." The judge then explained when a person has a right to self-defense. The judge ended that explanation by clarifying that when she spoke of self-defense in this context, she meant that "a person may use reasonabl[e] force when that is necessary to help another person if it appears that the person being aided is in a situation where the law would allow him to act in self-defense."
Contrary to the defendant's claim, the judge's instructions would not be understood by a reasonable person to mean that the defendant had a duty to retreat or to avoid physical combat. The Supreme Judicial Court rejected a very similar argument in Commonwealth v. Allen, 474 Mass. 162, 166-172 (2016).[3] Relying on two of our cases, Commonwealth v. Hakala, 22 Mass. App. Ct. 921 (1986), and Commonwealth v. Sullivan, 17 Mass. App. Ct. 981 (1984), the court concluded that the blending or intermingling of the concepts of defense of another and self-defense did not require reversal. Allen, supra at 170-171. As the Allen court held,
"Taken as a whole, the judge's charge properly conveyed that the Commonwealth bore the burden of proving beyond a reasonable doubt that the defendant did not act in defense of another. Moreover, given the incompatible nature of intervention and retreat, we do not conclude that reasonable jurors would have construed the instructions as imposing a duty to retreat."
Id. at 171.
The same is true here, especially where the judge appropriately tied the concepts together at the conclusion of her defense of another instruction. There was no error.
Judgment affirmed.

The injury-prone victim instruction is as follows: "If a person has exhausted all proper means to avoid physical combat, he (she) may use appropriate non-deadly force in self-defense if he (she) reasonably believes that his (her) personal safety is in danger, even against someone, like a drunk, who is known to be susceptible to injury." Supplemental Instruction 11 to Instruction 9.260 of the Criminal Model Jury Instructions for Use in the District Court (2009).

The defendant claims, and the Commonwealth agrees, that defense counsel's statement that the judge's defense of another instruction was not "completely clear" functioned as an objection that preserves this claim. Although we fail to share the generosity of such a reading, we need not resolve the question as the defendant's claim fails under any standard of review.

The defendant's argument is not without some force. As the Supreme Judicial Court noted in Allen, supra at 170, the model jury instruction employed here is unnecessarily "abstruse" and its construction should perhaps be revisited.